**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re Application of Mikulin,* Slip Opinion No. 2016-Ohio-743.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-743

IN RE APPLICATION OF MIKULIN.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re Application of Mikulin,* Slip Opinion No. 2016-Ohio-743.]**

*Attorneys—Application to register as a candidate for admission to the practice of law—Disregard of traffic laws and neglect of financial responsibilities— Application denied; reapplication permitted.*

(No. 2015-1362—Submitted October 14, 2015—Decided March 1, 2016.)

ON REPORT by the Board of Commissioners on Character and Fitness of the Supreme Court, No. 614.

_____

**Per Curiam.**

{¶ 1} Applicant, Matthew Paul Mikulin, is a candidate for admission to the practice of law in Ohio.  A panel of the Board of Commissioners on Character and Fitness recommended that we disapprove his application and that we permit him to apply for the February 2016 bar exam.  The board adopted the panel's findings and

recommendation, except that the board would permit him to apply for the July 2016 bar exam. No objections have been filed. On review, we adopt the board's findings of fact and recommendation to disapprove Mikulin's application and will permit him to apply for the July 2016 bar exam.

{¶ 2} Mikulin applied to take the July 2015 bar exam and despite expressing some concern about his history of substance abuse, his failure to address his financial responsibilities, and his extensive history of traffic violations, the admissions committee of the Cleveland Metropolitan Bar Association recommended that his character and fitness be approved. In light of those concerns, however, the Board of Commissioners on Character and Fitness exercised its authority to review his application sua sponte pursuant to Gov.Bar R. I(B)(2)(e).

{¶ 3} The board found that Mikulin began to drink alcohol and smoke marijuana on a regular basis while he was in high school and that as a consequence, he lost interest in school and his grades fell. He admitted that he went to college to "party" and that his substance abuse "took off" once he arrived at Florida Atlantic University in Boca Raton, Florida, in 2002. In addition to drinking and smoking marijuana, he progressed to using Percocet, Vicodin, and OxyContin. When those drugs became too expensive, he began snorting heroin. He was academically dismissed from Florida Atlantic in 2005.

{¶ 4} Mikulin reported that after he lost his job for walking off his shift, he hit bottom in May 2006. "[B]roke and sick," he called his father, who took him to enroll in an outpatient treatment program. Mikulin started attending Narcotics Anonymous and stopped using heroin and opiates, though he admitted that he continued to drink alcohol. But he relapsed following the sudden death of his younger brother and starting shooting heroin.

{¶ 5} The board described Mikulin's life from late 2006 to approximately 2012 as a roller coaster of addictive drug use and periods of treatment, followed by brief periods of sobriety. He lost several jobs during that time—once for

dishonestly altering a restaurant customer's credit-card receipt to increase his tip. Following two arrests in November 2008 for possession of heroin, Mikulin entered the Ashtabula County drug-court program. He continued with treatment, and despite a number of relapses, graduated from the drug-court program in 2010 and Cleveland State University in 2012. Although he used heroin again for two weeks in March 2011, he subsequently completed a five-day detox program. At his May 2015 admissions hearing, he testified that he had not used heroin since that time and that believing he should not use any drug—including alcohol—he stopped drinking in August 2012. Shortly after starting law school, he entered into a three-year contract with the Ohio Lawyers Assistance Program and has complied with its terms. He graduated from Case Western Reserve University School of Law in May 2015.

{¶ 6} The panel acknowledged that if Mikulin's heroin addiction were his only issue, it might be inclined to recommend approval of his character and fitness given that he had been sober for approximately three and a half years. But in addition to his addiction, Mikulin had 11 traffic convictions from 2004 through 2013—several for speeding, but other charges included reckless operation, driving while under suspension, and driving without a valid license—and several other charges had been dismissed. And at the time of his hearing, he had a pending fourth-degree-misdemeanor speeding charge that he planned to contest.

{¶ 7} In addition, Mikulin has failed to address multiple debts that he incurred since returning to Ohio. In June 2012, a lender obtained a default judgment against him for a car loan that he obtained in 2008. And in January 2013, another default judgment was entered against him for unpaid rent. Mikulin testified that he had been told that he might not have to repay these and other past-due debts if the creditor did not attempt to collect them for a certain period of time. But later, he attempted to justify his neglect of these financial obligations by explaining that he had limited resources while he was in school. Just before the hearing, he

negotiated a settlement and satisfied the judgment related to his car as well as some long-delinquent medical and utility bills with money he borrowed from his father. The board, however, was troubled by his irresponsible decision to ignore his debts, noting that he failed to make any payments or contact his creditors to discuss payment plans—even when he was gainfully employed.

**{¶ 8}** While crediting Mikulin for the difficult steps he has taken to overcome his heroin addiction, the board was troubled by the combination of his extensive traffic record and his financial irresponsibility. Finding that these factors reflect a disregard for the law when Mikulin "should be striving to be an exemplar of obedience to the law," the board recommended that Mikulin's application be disapproved at this time but that he be permitted to apply for the July 2016 bar examination.

**{¶ 9}** Having reviewed the board's report and the record, we agree that Mikulin failed to demonstrate that he possesses the requisite character, fitness, and moral qualifications under Gov.Bar R. I(11) to be admitted to the bar. Specifically, we conclude that his disregard of traffic laws and his neglect of his financial responsibilities present sufficient grounds for disapproving his application. *See* Gov.Bar R. I(11)(D)(3)(f) and (k); *see also In re Application of Kapel*, 72 Ohio St.3d 532, 651 N.E.2d 955 (1995) (finding that the applicant's disorderly-conduct conviction and repeated traffic violations, including speeding, demonstrated that the applicant lacked the requisite character and fitness for the practice of law but permitting the applicant to reapply); *In re Application of Acton*, 121 Ohio St.3d 154, 2009-Ohio-499, 902 N.E.2d 966, ¶ 26 (recognizing that an applicant's neglect of his or her own financial responsibilities bodes ill for the applicant's ability to oversee the interests of clients with the diligence and integrity required of the profession).

**{¶ 10}** We therefore accept the board's recommendation to disapprove Mikulin's application and encourage Mikulin to responsibly address his financial

obligations, obey traffic laws, and continue to abstain from substance abuse. Mikulin may reapply for admission to the practice of law in Ohio by filing a new application to take the bar examination and establishing that he possesses the requisite character, fitness, and moral qualifications for admission to the practice of law in Ohio.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, and LANZINGER, JJ., concur.

KENNEDY, FRENCH, and O'NEILL, JJ., concur in judgment only.

_____

Matthew Paul Mikulin, pro se.

Bolek Besser Glesius, L.L.C., and Cathleen M. Bolek, for the Cleveland Metropolitan Bar Association.

_____